UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS E.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C21-5107-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals the denial of his applications for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") benefits. He contends the ALJ erred by (1) misevaluating the medical evidence: (2) misevaluating plaintiff's testimony; (3) misevaluating plaintiff's residual functional capacity ("RFC") and thus making flawed step-four and step-five determinations; and (4) lacking the authority to issue a decision because the Commissioner was appointed in violation of the Constitution. Dkt. 13, at 2. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

In August 2018, plaintiff applied for benefits, alleging disability as of July 31, 2016. Tr. 13. The ALJ conducted a telephonic hearing in June 2020. Tr. 32–63. In a July 2020 decision, the ALJ determined that plaintiff met the insured status requirements of the Social

Security Act through December 31, 2021, and that plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 15. The ALJ determined that plaintiff had the severe impairments of shoulder arthritis, hip arthritis, and vertigo. Tr. 15–17. The ALJ assessed an RFC of medium work limited by additional physical limitations, including the ability to sit/stand every 30 to 45 minutes for 5 to 10 minutes without being off task. Tr. 18. At step four, the ALJ determined that plaintiff could perform his past relevant work as a cashier. Tr. 24–25. In addition, at step five, the ALJ determined that plaintiff had the RFC to perform several jobs that exist in significant numbers in the national economy. Tr. 25–26. As the Appeals Council denied plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. Id. at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff has failed to demonstrate that the ALJ's evaluation of the medical evidence, plaintiff's testimony, or the RFC was unsupported by substantial evidence, constituted a harmful application of the wrong legal standard, or was unreasonable. Plaintiff also cannot demonstrate that the appointment of the Acting Commissioner, who appointed the ALJ, violated constitutional separation of powers.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 2

**1. Medical Evidence**

Plaintiff contends that the ALJ misevaluated the medical evidence by (a) declining to find degenerative disc disease/sciatica and rheumatoid arthritis to be severe impairments; (b) discounting the treating opinion of rheumatologist Dr. Zhiquian Wang, M.D.; (c) discounting the opinion of reviewing, non-examining Dr. Brent Packer, M.D.; (d) giving too much weight to the examining opinion of Dr. Ian Hallows, D.O.; and (e) not considering the medical evidence in the light most favorable to plaintiff. The Court finds that plaintiff has failed to demonstrate that the ALJ's evaluation of the medical evidence was unsupported by substantial evidence, tainted by harmful legal error, or unreasonable.

**a. Degenerative Disc Disease/Sciatica and Rheumatoid Arthritis**

Plaintiff contends that the ALJ erred by declining to find degenerative disc disease/sciatica and rheumatoid arthritis to be severe impairments. Dkt. 13, at 3. Plaintiff's discussion of this contention is contained in a single, conclusory paragraph that cites no evidence and never states how degenerative disc disease/sciatica and rheumatoid arthritis led to particular functional limitations. *Id.* Plaintiff's discussion is insufficient to demonstrate that the ALJ committed error, let alone harmless error.

The ALJ found degenerative disc disease/sciatica not to be a severe impairment because diagnostic imaging of the spine showed no more than mild abnormalities; treatment providers repeated reported plaintiff to have unremarkable neurological exams; the medical examiner reported an unremarkable exam of the neck/back and found no related neurologic abnormalities; and the record failed to establish that the impairment had more than a minimal effect on plaintiff's ability to perform basic work functions. Tr. 16. Plaintiff does not contradict this evidence.

      The ALJ did not assess whether or not plaintiff's reported rheumatoid arthritis constituted a severe impairment. Tr. 15–27. The ALJ did, however, determine that plaintiff suffered from the severe impairments of shoulder and hip arthritis; fully addressed all of plaintiff's complaints of shoulder, hip, and joint pain, including symptoms he reported as stemming from rheumatoid arthritis; and assessed an RFC that accounted for all symptoms of arthritis and joint pain that were found to be supported by the record. Tr. 15–24. Plaintiff indicates no evidence that would contradict that the ALJ fully accounted for all possible symptoms arising from joint pain and arthritis such that even if the ALJ erred by failing to indicate that rheumatoid arthritis was a severe impairment, its omission at step two of the sequential analysis would constitute harmless error. *See Buck v. Berryhill*, 869 F.3d 10400, 1048–49 (9th Cir. 2017).

      The Court finds that plaintiff has failed to demonstrate that the ALJ's decision not to find degenerative disc disease/sciatica and rheumatoid arthritis to be severe impairments was unsupported by substantial evidence or constituted harmful legal error.

      **b.  Dr. Wang**

      Plaintiff argues that the ALJ harmfully erred by discounting treating rheumatologist Dr. Wang's medical source statement that assessed extreme physical limitations. The Court disagrees.

      In March 2020, Dr. Wang filled out a medical source statement in which he opined that plaintiff had significant functional limitations, including walking less than three blocks without rest or severe pain, sitting or standing/walking less than 2 of 8 hours, and lifting/carrying 10 pounds rarely and less than 10 pounds occasionally. Tr. 581–85. The ALJ found Dr. Wang's opinion to be unpersuasive because (1) it was inconsistent with the doctor's contemporaneous treatment notes, which showed the extensive musculoskeletal exam to be negative except for

limited range of motion of the shoulders, mild limited range of motion of the lumbar spine, Herberden's and Bouchard's nodes, and synovitis of the metacarpophalangeal joints, Tr. 24 (citing Tr. 608, 615, 618); and (2) it was inconsistent with the unremarkable physical exams of treatment providers, the consultive examiner, and diagnostic imaging showing no more than mild degeneration/abnormalities, Tr. 24 (citing Tr. 357–60, 476, 497, 498, 500, 502, 507, 509, 512–17, 520, 524–30, 660, 869, 871, 883, 908). The ALJ's characterizations of the inconsistencies in Dr. Wang's medical notes and of the generally mild findings in the medical record are accurate and reasonable. The Court rejects plaintiff's argumentation to the contrary that offers at best an alternative interpretation of the evidence in the light most favorable to plaintiff. Dkt. 13, at 3–6.

The Court finds that the ALJ's decision to discount Dr. Wang's opinion is supported by substantial evidence and is free from harmful legal error.

### c. Dr. Packer

Plaintiff contends that the ALJ harmfully erred by discounting the opinion of non-examining physician Dr. Packer. The Court disagrees.

In September 2018, Dr. Packer reviewed the medical evidence and in a two-page report opined that plaintiff be limited to sedentary work activity with an ability to stand and walk to 2 to 4 hours on a sustained basis due to limitations at the hips. Tr. 849. The ALJ found Dr. Packer's opinion to be unpersuasive because, in addition to not being based on an examination, it was inconsistent with the unremarkable physical exams of treatment providers and the consultative medical examiner. Tr. 23. Specifically, the ALJ cited PA-C Graham's note that plaintiff had no tenderness, no swelling, normal motor function, no focal neurologic defects, and normal reflexes, Tr. 370; Dr. Dominic Fermiano's note that plaintiff's hips had no notable swelling or bruising, no erythema, no signs of infection, no significant tenderness and intact internal/external rotation

both seated and supine, and plaintiff had full strength, intact sensation and negative straight leg raise, Tr. 476; and Dr. Allen Millard's numerous notes stating that plaintiff had full range of motion and unremarkable muscle strength in the shoulders, hips, and knees, and no neurologic deficits, Tr. 520, 860, 871, 883, 908. Moreover, the consultive medical examiner to which the ALJ referred, Dr. Hallows, contradicted Dr. Packer's opinion by stating that plaintiff could stand and walk six hours in an eight-hour workday, had no maximum sitting capacity, had no postural limitations, and could lift 50 pounds occasionally and 25 pounds frequently. Tr. 517. In addition, the ALJ found Dr. Packer's opinion to be inconsistent with diagnostic imaging showing no more than mild degeneration/abnormalities. Tr. 23 (citing Tr. 357–60, 476, 497, 498, 500, 502, 507, 509, 524–30, 669). The ALJ's characterizations of the medical notes and diagnostic imaging that contradicted Dr. Packer's opinion are accurate and reasonable. Plaintiff's argumentation to the contrary presents at best an alternative interpretation of the evidence.

The Court finds that the ALJ's decision to discount Dr. Packer's opinion is supported by substantial evidence and is free from harmful legal error.

### d. Dr. Hallows

Plaintiff contends that the ALJ harmfully erred by finding persuasive the opinion of consulting examiner Dr. Hallows. The Court disagrees.

In February 2019, Dr. Hallows opined that plaintiff could stand and walk six hours in an eight-hour workday, had no maximum sitting capacity, had no postural limitations, and could lift 50 pounds occasionally and 25 pounds frequently. Tr. 517. The ALJ found Dr. Hallows's opinion to be persuasive because it was consistent with the doctor's unremarkable physical examination of plaintiff. Tr. 23. Specifically, Dr. Hallows found that plaintiff had no distinct abnormalities with his gait, full range of motion throughout (except for mild decreased motion of

the left shoulder), full strength, normal bulk and tone, intact sensation and normal reflexes in the bilateral upper and lower extremities, negative straight leg raise, and grossly intact cranial nerves. Tr. 23, 514–16. Moreover, the ALJ found Dr. Hallows's opinion to be consistent with the diagnostic imaging. Tr. 23. The ALJ's characterizations of Dr. Hallows's report and its consistency with the other medical evidence are accurate and reasonable. Although plaintiff argues that Dr. Hallows's opinion regarding functional limitations is inconsistent with his acknowledgment of plaintiff's stiffness and pain, the Court disagrees that an internal inconsistency exists. Dr. Hallows referred to plaintiff's decreased shoulder range of motion as mild; noted that even with reported bilateral hip pain, plaintiff had no limitation in range of motion or strength or evocative testing; and even with bilateral knee crepitus and pain, there was no apparent deformity or laxity or significant decrease in strength or range of motion or any significant evocative testing other than crepitus. Tr. 516–17.

The Court finds that the ALJ's decision to give persuasive weight to Dr. Hallows's opinion is supported by substantial evidence and is free from harmful legal error.

### e. Other Medical Evidence

Plaintiff contends that other medical evidence supports his position. Dkt. 13, at 7–11. The Court rejects plaintiff's challenge to the ALJ's reasonable interpretation and reconciliation of conflicting medical evidence.

First, plaintiff lists various aspects of the medical record that could support his position. *See* Dkt. 13, at 7–11. None of this evidence demonstrates the unreasonableness of the ALJ's choice to give greater weight to medical evidence and opinions that contradict plaintiff's position. Second, plaintiff challenges the persuasive weight given to the non-examining opinions of Dr. Howard Platter, Tr. 74–76, 87–89, and Dr. Merry Alto, Tr. 102–03, because those

physicians did not review any evidence post-dating April 2019 and, as such, did not account for Dr. Wang's March 2020 opinion and contemporaneous treatment. Dkt. 13, at 11; Tr. 23–24. As discussed earlier, the ALJ reasonably discounted Dr. Wang's March 2020 opinion as contradicting the physical exam findings and contemporaneous treatment. Moreover, as discussed earlier, other medical evidence is consistent with the non-examining opinions of Drs. Platter and Alto, including the opinion of consultative examiner Dr. Hallows, who opined milder limitations than those alleged by plaintiff.

The Court finds that the ALJ's decision not to reject any and all evidence that contradicted plaintiff's position is supported by substantial evidence and is free from harmful legal error.

**2. Plaintiff's Testimony**

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for discounting plaintiff's testimony about the severity of his limitations. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The Court disagrees.

The ALJ cited clear and convincing reasons for discounting plaintiff's testimony regarding debilitating limitations. One, the ALJ noted that plaintiff's activities contradicted the severity of plaintiff's allegations. Tr. 22. For example, plaintiff alleged he could walk for 30 feet at most at a time, Tr. 44; stand for only 15 minutes before needing to sit, Tr. 49; sit for just 15 minutes, Tr. 49; lift just three pounds comfortably, Tr. 48; had difficulty shampooing his hair due to shoulder pain, Tr. 45; and could not hold onto objects consistently due to arthritis in his hands, Tr. 51. Yet as the ALJ noted, plaintiff told the medical examiner in early 2019 that he was building a tiny house, Tr. 22, 513, and by September 2019, he told a medical provider that he was working on finishing the roof of his trailer before winter, Tr. 792. In January 2020 plaintiff

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 8

reported having been able to lift boards without having any pain. Tr. 860. In contrast to the extreme walking and sitting limitations alleged, plaintiff attended "Lake Fair" over the weekend in Olympia, Washington, Tr. 778, and in 2019 and 2020, notes show he spent most of his time working on his trailer. Tr. 22, 764, 792, 842. In May 2020, plaintiff told his physician that he was "very active around the house." Tr. 22, 851. Plaintiff completed a welding course in 2018, Tr. 61, i.e., two years after his alleged onset date of disability, which contradicts his claims that he was unable to sit or stand for any extended period, Tr. 47, 49, 273, and could not concentrate of finish tasks he started, Tr. 278, 279. In fact, in February 2019, plaintiff told his medical provider, "I could work," but he was unsure whether he should continue to wait for the agency's decision on disability benefits or to apply for a job. Tr. 22, 573. Second, the ALJ noted that plaintiff's own statements and the medical evidence contradicted the alleged severity of his limitations. Tr. 18–19. For example, with respect to the allegedly debilitating hip condition, plaintiff's chiropractor stated several times that plaintiff was in good health. Tr. 21, 334–43. In November 2018, plaintiff's doctor noted that overall his symptoms were "not too bad today," including having no significant tenderness in the greater trochanteric regions, no tenderness over the anterior or posterior aspects of the hips, intact internal/external pain-free rotation both seated and supine, and full-strength throughout bilateral lower extremities. Tr. 19, 476–77. At that visit, plaintiff stated that his hip condition was not very painful and rated his pain at three out of ten. Tr. 21, 476. Moreover, consultative examiner Dr. Hallows opined that plaintiff's functional limitations were far less severe than alleged. Tr. 516–17.

The Court finds that the ALJ's decision to discount plaintiff's testimony is supported by substantial evidence and is free from harmful legal error.

### 3. RFC

Plaintiff argues that the ALJ harmfully erred by basing his evaluations of steps four and five of the sequential analysis on a flawed assessment of plaintiff's RFC. Dkt. 13, at 16–17. The Court rejects this argument because the ALJ did not harmfully misevaluate the medical evidence or plaintiff's testimony. There is, therefore, no basis for plaintiff's assertion that RFC was assessed incorrectly and that a misevaluation of steps four and five ensued.

### 4. Separation of Powers

In the alternative, plaintiff argues that this matter should be remanded for a new hearing because the Social Security Act provision that limits the President's authority to remove the Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates separation of powers. Dkt. 13, at 17–19; *see Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020). Although the Court agrees with the parties and finds that 42 U.S.C. § 902(a)(3) violates separation of powers, that provision is not implicated here. Dkt. 17, at 2; *see Lisa Y. v. Commissioner of Social Security*, __ F.Supp 3d __, No.21-5207-BAT, 2021 WL 5177363 at *5–*8 (W.D. Wash. Nov. 8, 2021).

The ALJ who adjudicated plaintiff's claim on July 29, 2020, held office under an appointment legally ratified in July 2018 by then-Acting Commissioner Nancy Berryhill. *See* Social Security Ruling ("SSR") 19-1p, 84 Fed. Reg. 9582–84 (March 15, 2019). In her Acting capacity, she enjoyed no statutory tenure protection. *See* 42 U.S.C. § 902(b)(4); *Collins v. Yellen*, 141 S. Ct. 1761, 1783 (2021) (holding that Recovery Act's removal restriction does not extend to an Acting Director and that "we generally presume that the President holds the power to remove at will executive officers and that a statute must contain 'plain language to take [that power]

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 10

away.'") (quoting *Shurtleff v. United States*, 189 U.S. 311, 316 (1903)). The ALJ who denied plaintiff's claim was not appointed by Commissioner Andrew Saul, who was subject to Section 902(a)(3)'s constitutionally infirm removal restriction. Rather, the ALJ had his appointment ratified by Acting Commissioner Nancy Berryhill, whom the President could have removed from that role at will, at any time. Moreover, plaintiff fails to suggest how the ALJ's decision would have differed had Section 902(a)(3) not restricted the President's ability to remove Commissioner Saul. Where, as here, the underlying basis for a separation-of-powers challenge to a removal restriction is an action taken by an *Acting* official who was removable at will, and there is no indication of how agency actions would have been different in the absence of the unconstitutional removal restriction, no such nexus between the purported harm and the challenged removal restriction exists. *See Collins*, 141 S. Ct. at 1781–83, 1789.

Plaintiff contends, however, that once Commissioner Saul was confirmed in June 2019, the ALJ was no longer receiving properly delegated authority from Acting Commissioner Berryhill but instead received authority solely from Commissioner Saul who, having been appointed subject to the constitutionally infirm Section 902(a)(3)'s removal restriction, passed along this tainted authority "like water" to invalidate any agency action taken during his administration. Dkt. 13, at 10–12. This argument (1) conflates an unconstitutional *removal* provision under *Seila Law* and *Collins* with an improper *appointment* provision under *Lucia v. SEC*, 138 S. Ct. 2044 (2020), and (2) misstates the nexus of harm that must be demonstrated in a separation-of-powers claim. First, there was no improper *appointment* of the ALJ in violation of *Lucia* because no one disputes that Acting Commissioner Berryhill had the authority to appoint the ALJ who heard and decided this case. The ALJ was properly appointed. That Commissioner Saul was subsequently confirmed subject to an unconstitutional *removal* restriction does not

invalidate the earlier, proper *appointment* of any ALJ who continued to serve during his tenure. Second, plaintiff cannot plausibly demonstrate how the unconstitutional restriction on the President's power to remove Commissioner Saul inflicted compensable harm on plaintiff. *See Collins*, 141 S. Ct. at 1789. For example, plaintiff cannot plausibly state that were it not for the unconstitutional removal restriction, the President might have replaced Commissioner Saul with another Commissioner who would have removed the ALJ and replaced him with an ALJ who would not have rejected plaintiff's testimony as inconsistent with the medical evidence. *See id.*; *Lisa Y.*, 2021 WL 5177363 at *5–*8.[1]

The Court finds that under the circumstances, the constitutionally infirm 42 U.S.C. § 902(a)(3) has not been implicated and a violation of the separation of powers does not demand that this matter be remanded for a new administrative hearing.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 19th day of November, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] The Court rejects plaintiff's assertion in the reply brief that the Commissioner has waived any objection to applying the separation-of-powers argument to the Appeals Council by failing to address it in the response brief. Dkt. 21, at 12–13. In the opening brief, plaintiff himself failed to challenge the Appeals Council's authority on the basis of separation of powers by addressing only the ALJ's authority. Dkt. 13, at 2, 17–19. The Court declines to address issues raised for the first time in reply. *Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir.1980). Regardless, this claim lacks merit for the reasons stated with respect to the ALJ's authority and in *Lisa Y.*, 2021 WL 5177363 at *5–*8.